```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS

ROBERT KIMZEY,                        )
                    Plaintiff,        )
                                      )
     vs.                              )    No. 15-1369-JTM
                                      )
METAL FINISHING CO., INC.,ET AL,      )
                    Defendants.       )
_____
```

MEMORANDUM ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the court encourages exploring settlement prospects of this matter. With counsel's agreement, the matter is assigned to Mr. Dennis Gillen, a mediator, to hold a settlement conference with litigants, their principals, and counsel. The conference shall be held on Wednesday, March 23, 2016, at 9:00 a.m. at 8301 East 21st Street North, Suite 450, Wichita, KS. The mediator is at liberty to reschedule the conference at a more convenient time or place. The matter is also scheduled for jury trial (2nd alternate) in Wichita, Kansas beginning on January 10, 2017, at 9:00 a.m. Briefs, summaries of key witness testimony, and requested jury instructions are to be filed on or before December 21, 2016.

The purpose of the settlement conference is to permit an informal discussion between the attorneys, parties, and the mediator of every aspect of the lawsuit bearing on its settlement value, thus permitting the mediator to privately express his or her views concerning the actual dollar settlement value or other reasonable basis for disposition of the case.

The court has attached additional guidelines for counsel's review, and counsel are directed to forward copies of said guidelines to their principals for review before the conference. The format is essentially as follows:

Prior to the settlement conference, the attorneys should discuss settlement with their respective clients or principals. Additionally, the opposing attorneys should informally explore settlement prospects, at least in the interest of ascertaining the parameters, if any.

In advance of the hearing, counsel are encouraged to submit a settlement conference statement, detailing the factual or legal issues and relief requested. The statement may include such documentation as expert witness reports, etc. The statement may be shared with opposing counsel, but is <u>not</u> to be filed as a part of the record in this case. Use of exhibits and demonstrative evidence at the conference is also authorized.

The attorney responsible for the trial of the case and a person having actual settlement authority <u>will be present at the conference</u>. Only in the most compelling circumstances will the court forego the personal presence of the person with actual settlement authority. If a party anticipates such a problem, counsel should notify the court at the earliest opportunity. The court will determine whether to proceed with the conference through an alternative procedure where such persons are telephonically available, or whether to reschedule the conference. If the opposing party has incurred non-refundable travel expenses, the

court may order the party creating the problem to pay those expenses.

The parties, their representatives, and attorneys are expected to be completely candid with the mediator so that he may properly guide settlement discussions.

Mr. Gillen is at liberty to converse with the lawyers and their clients outside the hearing of the adverse parties.

Neither the settlement conference statements nor communications during the settlement conference with the mediator can be used by either party in the trial of the case.  Mr, Gillen will not communicate to the trial judge the confidences of the conference except to advise as to whether or not the case has been settled.

Costs, including reasonable fees where applicable, shall be mutually assessed to the litigants.

IT IS SO ORDERED this 8th day of March, 2016.


                                                s/J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE

## SETTLEMENT CONFERENCE FORMAT AND GUIDELINES

The purpose of this program is to enhance settlement prospects through informal but structured discussion. It is not my intention to impose a settlement on anyone. I trust you will enter into this process in the utmost good faith. If it fails, welcome to the courtroom.

### Some Thoughts

You must first contact your client or principals about settlement prospects and assure their presence at the hearing. The success of this program depends on the litigants' involvement and understanding the dynamics of the trial process.

Before you communicate with your client, take time for some personal reflection and think through your case. Discovery is complete and you have the pretrial order. You should know your case now as well as you ever will. Is a trial really necessary? What really is at stake? How certain are you that you will win? What are the risks? Where are you vulnerable? Have you seriously considered your adversary's position? Have you considered the skill, experience and record of success of opposing counsel? And how experienced are you in these kinds of cases?

What does your client really want? By now, you should have a good idea of what your client's expectations are and ideally, you have brought those expectations into the realm of the realistic. Is he or she seeking some kind of full, unrelenting vindication? Is there some way to compromise without undue damage to your client's pride? If you are seeking substantial damages, are your own views reasonable and provable? Have you considered the post-judgment ramifications, e.g., coverage, ability to pay? If your demands are substantial but realistic, have you considered a structured settlement or other options? Have you considered an expression of regret, reinstatement or reassignment? If your client is asked to accept less, have you considered reduction of your fees? What are the expenses of litigation? Jury trials get expensive and time is measured in days. Appeals mean more delay and more expense. While you may enjoy the give and take and believe you have a great case, jury trials generally take a huge toll on your client, particularly when the outcome fails to meet the client's expectations.

When you communicate with your client or principals, have your own plan and perspective in mind. Counsel your client candidly and objectively. When you have an informal conference with your adversary (the plaintiff's counsel is expected to initiate this), be prepared to explore settlement within a reasonable range. The process of making demands and awaiting counteroffers may have its place, but responsible, experienced attorneys ought to be in a position to discuss disposition within the framework of a range.

A willingness to define a range and explore settlement possibilities within that range is no sign of weakness.

The Conference

Upon arrival, all parties and their counsel will meet together with the mediator who will cover any preliminary matters or concerns. The court discourages opening statements unless all parties and the mediator have agreed in advance that they will advance, rather than impede the mediation process.

Following the initial statement, the mediator will want to visit privately with both sides to narrow the issues subject to negotiation. Be willing to concede points of weakness. The mediator may well touch upon many of the areas discussed above. If he or she urges compromise or concessions in certain areas, and you agree, say so. The mediator will also visit with your adversaries in the same manner and likely will return to each repeatedly until some reasonable plan or basis is formulated. The mediator will seek your client's commitment or concessions. Notwithstanding whatever the parties have agreed to or failed to agree to, the mediator will also give both sides her or his best advice as to the basis for settlement. In this, the mediator may well tell the plaintiff his or her case is considered baseless or probably can't be won or won't reach the plaintiff's expectations. The mediator may well tell the defendant her or his views are unrealistic. Even if the session leaves disposition unresolved, the mediator will have done his or her best to find some basis for accord. With your contribution, if there is a way, it will be found.

You may be a most experienced, well-prepared, and successful litigator; you may love to try cases, and of course, you get paid to try cases. For the moment, however, you are a negotiator. Think through your case in its entirety and compromise when it is in your client's best interest to do so.

J. Thomas Marten, Judge

5